UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ISAAC MIKE ABERGEL,

      Plaintiff,

  -against-

BANK OF AMERICA,

      Defendant.

19-CV-6643 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

  Plaintiff, appearing *pro se*, brings this action alleging, among other things, that Defendant Bank of America charged excessive fees for his deposit account or credit card. By order dated September 19, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

  The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

This action is one of 43 actions that Plaintiff Isaac Mike Abergel filed *in forma pauperis* within a thirty-day period.[1] In this complaint, Plaintiff makes the following allegations:

> Fraud, aiding and abetting fraud, overcharging, failure to protect I.D. theft victim. Unresolving balance transfer error. . . . Had identity stolen, bank overcharges, fraudulent charges, error in balance transfer debt, bank constant fees and extra charges.

(ECF No. 2, at 4.)[2] Plaintiff states that he seeks a "court order to remove credit card collection and all other debt to remove debt and balance to zero dollars. Out of court settlement of $25,000 instant payment." (*Id.*)

**DISCUSSION**

**A.      Rule 8: Failure to Plead Facts**

Although *pro se* litigants enjoy the Court's "special solicitude," *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (per curiam), their pleadings must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual

---

[1] As a result of Plaintiff's abuse of the privilege of proceeding IFP, the Court has imposed a prefiling injunction, requiring him to seek leave of Court before filing an action without prepaying the filing fee. *Abergel v. New York Lottery*, No. 19-CV-6088 (CM) (S.D.N.Y. July 17, 2019).

[2] Many of Plaintiff's prior actions included allegations of identity theft, though it was unclear in many of the complaints whether Plaintiff was alleging that the defendant had engaged in identity theft, or had allowed his information that was in the defendant's possession to be stolen, or had failed to respond appropriately to his identity theft. *See, e.g., Abergel v. ZipRecruiter*, No. 1:19-CV-5936, 1 (LLS) (S.D.N.Y. July, 2019) (dismissing complaint stating, without more, the words "data breach," "identity theft," and "computer hacking").

allegations as true and draws all reasonable inferences in the pleader's favor. *Id.* (citing *Twombly*, 550 U.S. at 555). But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). As set forth in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Id.* (internal citations, quotation marks, and alteration omitted). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible − not merely possible − that the pleader is entitled to relief. *Id.*

Here, Plaintiff seems to contend that he was charged excessive fees and that Defendant failed to respond properly to the fact that he alleged that he was a victim of identity theft. But Plaintiff does not plead any facts about what occurred. He does not explain what fees he was charged or when, whether he notified Defendant of the alleged identity theft, and what Defendant did or failed to do that violated his rights under federal law.[3] Plaintiff's complaint thus does not comply with Rule 8 and fails to state a claim on which relief can be granted.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, unless it would be futile to do so. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Here, Plaintiff might, for

---

[3] Plaintiff invokes the Court's federal question jurisdiction and has not pleaded facts about the citizenship of the parties that would establish diversity jurisdiction. *See, e.g., Wachovia Bank v. Schmidt*, 546 U.S. 303 (2006) holding that for purposes of diversity jurisdiction, a national bank resides only in the state designated in its articles of association (and not in each state in which it has branch offices)).

example, be able to state some claim in connection with Defendant's allegedly excessive charges. *See, e.g., Farrell v. Bank of Am.*, 224 F. Supp. 3d 1016 (S.D. Cal. Sept. 19, 2019) (holding that charge levied for failure to rectify overdrawn deposit account within five days qualified as an extension of credit, and usurious interest rate exceeded rate allowed under the National Bank Act, 12 U.S.C. §§ 85-86). *But see Fawcett v. Citizens's Bank, N.A.*, 919 F.3d 133 (1st Cir. 2019) (holding that sustained overdraft fees for overdrawn checking accounts were not usurious interest charges under the National Bank Act). Because it is not clear that granting leave to amend would be futile, the Court grants Plaintiff leave to amend his complaint to plead facts about what occurred.

## LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to detail his claims. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-6643 (CM). The Clerk of Court is directed to attach a general Amended Complaint to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: September 24, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge